## Rabinovitz *v.* Goodman.

*Negligence—Automobiles—Hired automobile—Case for jury.*

In an action to recover damages for personal injuries sustained by reason of the collision of a trolley car and an automobile owned and operated by the defendant, in which the plaintiff was passenger, the case is for the jury and a verdict for the plaintiff will be sustained where the issue is purely one of fact and the evidence, if believed, would be sufficient to warrant the jury in rendering a verdict in favor of the plaintiff.

Argued December 8, 1919. Appeal, No. 267, Oct. T., 1919, by defendant, from judgment of Municipal Court of Philadelphia, February T., 1919, No. 354, on verdict for plaintiff in the case of Aaron Rabinovitz and Esther Rabinovitz v. Betsy Goodman. Before ORLADY, P. J.,

PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KNOWLES, J.

From the record it appeared that the plaintiffs were injured while riding in an automobile owned and operated by the defendant which collided with a trolley car. The plaintiff claimed that the accident was due to the negligence of the defendant's chauffeur in driving the automobile at an excessive rate of speed.

Verdict for plaintiff, Esther Rabinovitz, for one thousand ($1,000) dollars for plaintiff, and three hundred forty-seven ($347) dollars for plaintiff, Aaron Rabinovitz, and judgment thereon.

*Error assigned* was refusal for defendant's motion for judgment non obstante veredicto.

*Louis Bernstine,* for appellant.

*Adolph Eichholz,* for appellee.

OPINION BY HEAD, J., February 28, 1920:

The action was trespass to recover damages for personal injuries alleged to have been sustained by the plaintiffs by reason of the negligent operation of an automobile owned by the defendant and operated by her servant. The entire defense set up is practically a demurrer to the whole of the evidence. The complaint is there was no sufficient evidence to warrant a finding that the automobile was the property of the defendant or was being operated by her servant. Necessarily the answer to such a contention must be found in the record itself. There is no question of law involved that would make a discussion of the case useful or profitable to anyone. We have carefully read the evidence and we reach the conclusion that it was quite sufficient in quantity

to support the finding of the jury and was of rather a convincing character. Under these circumstances, it would be impossible for this court to say the learned trial judge should have withdrawn the case from the jury and directed a verdict for the defendant. We are all of opinion the case was properly tried. The assignments of error are overruled.

Judgment affirmed.